IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHMED MOHAMMED-ABDULLAH-OMAR AL-HAJ,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN MARK KIRBY,<br><br>    Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-8393 (JBS)<br><br>**OPINION** |

APPEARANCES:

Ahmed Mohammed-Abdullah-Omar Al-Haj, Petitioner pro se
#14558-031
Fairton Federal Correctional Institution
PO Box 420
Fairton, New Jersey 08320

**SIMANDLE, Chief Judge:**

## I. INTRODUCTION

This matter comes before the Court on Ahmed Mohammed-Abdullah-Omar Al-Haj's ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petition, Docket Entry 1. Petitioner's application to proceed *in forma pauperis* is denied without prejudice as he did not submit a certified account statement as required by Local Civil Rule 81.2. However, the Court will review the petition as Petitioner has paid the filing fee.

For the reasons set forth below, the petition is dismissed for lack of jurisdiction.

## II. BACKGROUND

In 2005, Petitioner entered a conditional guilty plea on an indictment charging him with possessing 332 pounds of pseudoephedrine in violation of 21 U.S.C. § 841(c)(2), and reserved the right to challenge the denial of his motion to suppress. The Tenth Circuit affirmed the trial court's decision on appeal. *See United States v. Al-Haj*, 181 F. App'x 717 (10th Cir. 2006).[1]

On August 29, 2016, this Court dismissed a petition filed pursuant to 28 U.S.C. § 2241 alleging violations of Petitioner's Fourth Amendment rights for lack of jurisdiction. *Ahmed Muhammed Abdullah-Omar Al-Hajj v. Kirby*, No. 16-1479, 2016 WL 4508229 (D.N.J. Aug. 29, 2016), *aff'd sub nom. Ahmed Muhammed Abull Al-Haj v. Warden Fairton FCI*, No. 16-3771 (3d Cir. Jan. 17, 2017). Petitioner filed this new § 2241 petition on November 9, 2016.

## III. STANDARD OF REVIEW

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal

---

[1] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

**IV. ANALYSIS**

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Petitioner asserts he is "actually innocent" of his crimes and sentence. Petition ¶ 10(c). In his brief in support, however, Petitioner argues he did not consent to the search of his vehicle as he was not given an interpreter after being stopped by the Kansas Highway Patrol, that the officer conducting the traffic stop and search failed to provide him with *Miranda*[2] warnings, and that both his trial

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

attorney and the Assistant United States Attorney committed fraud upon the trial court.

"[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (per curiam) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). Petitioner makes no attempt to make such a showing, and the petition does not allege that the conduct forming the basis of his conviction "has since been deemed non-criminal by an intervening Supreme Court decision . . . ." *Upshaw v. Warden Lewisburg USP*, 634 F. App'x 357, 358 (3d Cir. 2016) (per curiam) (citing *Dorsainvil*, 119 F.3d at 251–52).

Petitioner also cannot invoke the "actual innocence" exception to § 2255. "To support an actual innocence claim, the petitioner must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have

4

convicted him." *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013) (internal citation and quotation marks omitted). Here, Petitioner challenges the legality of traffic stop and subsequent search in yet another attempt to relitigate his suppression motion. Nothing in the petition supports a conclusion that no juror would have convicted him based on the evidence. Accordingly, the Court lacks jurisdiction over the petition.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the interests of justice to transfer this habeas petition as it does not appear Petitioner can meet the requirements for filing a second or successive § 2255 motion as set forth in § 2255(h). However, this Court's decision to not transfer this case does not prevent Petitioner from seeking leave from the Tenth Circuit, see 28 U.S.C. § 2244(a), should he elect to do so.

## V. CONCLUSION

For the above stated reasons, the petition is dismissed for lack of jurisdiction. An accompanying Order will be entered.

**April 25, 2017**             **s/ Jerome B. Simandle**
Date                           JEROME B. SIMANDLE
                               Chief U.S. District Judge